UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PAMELA MAY MCMINN,

    Plaintiff,

v.                                                                  Case No.:  2:24-cv-459-KCD

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## **ORDER**

Plaintiff Pamela May McMinn challenges the Commissioner of Social Security's decision denying her application for Social Security Disability Insurance benefits under 42 U.S.C. § 405(g). (*See* Doc. 11.)[1] For the reasons below, the Commissioner's decision is reversed.

McMinn first filed for social security benefits in 2014. (Doc. 11 at 1.) Her application was denied that same year and she sought review before an Administrative Law Judge (ALJ). She spent the next decade yo-yoing between the Social Security Administration and the federal courts, appealing several unfavorable decisions. (*Id*. at 1-2.) She has appeared before two ALJs. The first

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

issued two unfavorable rulings that were vacated on appeal. (*Id.*) After the second reversal, the Appeals Council remanded McMinn's application to a second ALJ, who issued the unfavorable decision now under review.

The ALJ[2] reached his decision by applying the standard evaluation process. An individual claiming disability benefits must prove she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). "The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).

At step two, the ALJ found McMinn had several "severe" conditions: coronary artery disease status-post myocardial infarct followed by right

---

[2] Hereafter, "ALJ" refers solely to the second ALJ, Kurt G. Ehrman.

2

coronary artery (RCA) stenting, hypertension, right-sided carpal tunnel syndrome, and lumbago, as well as major depressive disorder, anxiety disorder, and personality disorder. (Tr. 2048.) That said, at step three, he determined McMinn's impairments did not "meet[] or medically equal[] the severity of one of the listed impairments in 20 CFR Part 404, Subpart P[.]" (*Id.*) Thus, the ALJ had to assess McMinn's residual functional capacity ("RFC") before resolving her ability to work at steps four and five.

As for McMinn's RFC, the ALJ found she retained the ability to:

> perform less than the full range of light work as defined in 20 CFR 404.1567(b). She could lift and carry twenty pounds occasionally and ten pounds frequently, and stand and/or walk about six hours, as well as sit about six hours with normal breaks, in an eight-hour workday. She was precluded from climbing ladders, ropes, or scaffolds, could occasionally crawl and climb ramps and stairs, and could frequently balance, stoop, kneel, and crouch, as well as frequently reach, handle, and finger bilaterally. She had to avoid concentrated exposure to extreme cold temperatures, vibrations, noxious fumes, and avoid all use of hazardous or moving industrial machinery. In addition, the claimant was capable of understanding, remembering, carry out, and otherwise perform, detailed but not complex, semi-skilled work, with no production-paced, or fast-paced quota work.

(Tr. 2051.)

McMinn takes issue with the RFC. She claims the ALJ failed to reconcile the RFC with medical opinions from Dr. Yu-Ying Lin. (Doc. 11 at 5.)

Dr. Lin examined McMinn and prepared a psychiatric evaluation. (Tr. 741-44.) Among other things, she opined that McMinn had moderate

3

limitations maintaining a regular schedule and marked limitations dealing with stress. (*Id.* at 743.) Dr. Lin ultimately diagnosed McMinn with "major depressive disorder [and] moderate to severe . . . anxiety distress." (*Id.*)

The ALJ gave "significant weight" to Dr. Lin's opinions, concluding they were "supported by her own mental status examination, and relatively consistent with the findings from the claimant's treating providers." (*Id.* at 2057.) Yet, according to McMinn, the ALJ "did not account for all of these limitations in the RFC." (Doc. 11 at 6.) As she explains it:

> For mental limitations, the ALJ found Plaintiff had the RFC "capable of understanding, remembering, carry out, and otherwise perform, detailed but not complex, semiskilled work, with no production-paced, or fast-paced quota work." Nothing in this accounts for the moderate limitations maintaining a schedule or marked limitations handling stress. Moreover, the ALJ never discussed this in the decision. In support of the RFC, for mental limitations, the ALJ only noted mental status examination from counseling.

(*Id.* (citations omitted).)

The Court agrees that the ALJ erred. As the Commissioner has recognized, "[t]he reaction to the demands of work (stress) is highly individualized, and mental illness is characterized by adverse responses to seemingly trivial circumstances. . . . Thus, the mentally impaired may have difficulty meeting the requirements of even so-called 'low-stress' jobs." *Titles II & Xvi: Capability to Do Other Work-Themedical-Vocational Rules As A Framework for Evaluating Solely Nonexertional Impairments*, SSR 85-15 at 6.

4

It is for precisely this reason that "[a]ny impairment-related limitations created by an individual's response to demands of work . . . must be reflected in the RFC assessment." *Id.*; *see also Leon ex rel. Leon v. Astrue*, No. 1:10-CV-00041-AJB, 2011 WL 1296082, at *15 (N.D. Ga. Mar. 29, 2011).

Faced with a medical opinion identifying McMinn's marked limitations in dealing with stress, the ALJ had two options: (1) reject Dr. Lin's opinion and explain that rejection, or (2) accept the opinion and conduct an individualized assessment on how stress affects McMinn's ability to work. Neither occurred here. The ALJ accepted Dr. Lin's opinions but made no further mention of McMinn's ability to cope with stress—not to expressly limit the RFC to low-stress work, nor explain how the limitations included in the RFC inherently accommodated limitations arising from McMinn's ability to cope with stress. "Given the importance of evaluating a claimant's ability to manage change and stress in the workplace, it was not harmless error for the ALJ to completely ignore an opinion from a medical source that [McMinn] was limited in [her] ability to handle the basic mental demands of competitive work." *Brian D. v. Comm'r, Soc. Sec. Admin.*, No. 2:20-CV-00050-JCF, 2021 WL 9782173, at *6 (N.D. Ga. Aug. 9, 2021).

Similarly, "[w]hen an ALJ determines that the claimant's mental impairments cause moderate limitations in maintaining concentration, persistence, and pace," such limitations must be accounted for. *Raymond v.*

5

*Comm'r of Soc. Sec.*, No. 8:17-CV-1322-T-30JSS, 2018 WL 3213332, at \*4 (M.D. Fla. June 13, 2018). "The ability to maintain a regular schedule falls under the category of concentration and persistence." *Lowry v. Comm'r of Soc. Sec.*, No. 115CV1553GTSWBC, 2017 WL 1290685, at \*4 (N.D.N.Y. Mar. 16, 2017). Nowhere did the ALJ incorporate Dr. Lin's opinion that McMinn had difficulty maintaining a regular schedule. Nor did the ALJ otherwise account for this deficiency by restricting McMinn to simple, unskilled work. *See Shumate v. Comm'r of Soc. Sec.*, No. 2:23-CV-427-DNF, 2024 WL 3423003, at \*5 (M.D. Fla. July 15, 2024) ("[T]he ALJ accounted for Plaintiff's moderate limitations in concentrating persisting, or maintaining pace, in the RFC by limiting Plaintiff to understanding, remembering, and carryout simple instructions and performing simple routine tasks as consistent with unskilled work."); *see also Baldwin v. Colvin*, No. 8:13-CV-2963-T-TGW, 2015 WL 1268273, at \*4 (M.D. Fla. Mar. 19, 2015).

In response, the Commissioner claims "the ALJ sufficiently accounted for Dr. Lin's limitations by limiting [McMinn] to detailed but not complex, semi-skilled work, with no production-paced, or fast-paced quota work." (Doc. 18 at 9.) The Court is unconvinced. "If, in the absence of an explanation, a limitation to simple, routine, and unskilled work does not account for a moderate limitation in concentration, persistence, or pace, then certainly a limitation to semi-skilled work does not account for such a limitation." *Cotto v.*

*Comm'r of Soc. Sec.*, No. 2:15-CV-534-FTM-DNF, 2016 WL 4975324, at *4 (M.D. Fla. Sept. 19, 2016). Likewise, "the skill level of a position is not necessarily related to the difficulty an individual will have in meeting the demands of the job[; a] claimant's condition may make performance of an unskilled job as difficult as an objectively more demanding job." *Zamacona v. Colvin*, No. 2:14-CV-00205-JCF, 2016 WL 11793689, at *6 (N.D. Ga. Jan. 29, 2016). Merely restricting McMinn to semi-skilled work "without explicitly addressing [her] marked stress limitations is legally insufficient to account for [McMinn's] stress." *David H. v. Comm'r of Soc. Sec.*, No. 20-CV-6194-LJV, 2021 WL 2809550, at *3 (W.D.N.Y. July 6, 2021); *see also Burke v. Berryhill*, No. 6:17-CV-06369 (MAT), 2018 WL 1940260, at *4 (W.D.N.Y. Apr. 25, 2018) (finding the ALJ erred by giving "great weight" to a physician's opinion that the claimant had moderate to marked limitations in appropriately dealing with stress but limiting the claimant to "unskilled work involving only simple, routine[,] and repetitive tasks" without "perform[ing] the requisite individualized assessment of [the claimant's] limitations in dealing with stress").

Although McMinn may remain capable of gainful employment even accepting Dr. Lin's opinions and incorporating them into the RFC, such a conclusion is best left to the ALJ. *See Green v. Comm'r of Soc. Sec.*, No. 6:12-CV-357-ORL-28, 2013 WL 625063, at *9 (M.D. Fla. Jan. 23, 2013).

7

"Accordingly, the Court finds it appropriate to remand this case." *Cotto*, 2016 WL 4975324, at *4.

McMinn raises other arguments that the Court need not (and will not) address now. Since this case is going back to the Commissioner, such issues will likely be reconsidered and the record could change. *See Bekiempis v. Colvin*, No. 8:16-cv-192-T-27TGW, 2017 WL 459198, at *5 (M.D. Fla. Jan. 17, 2017); *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986).

It is thus **ORDERED**:

1. The Commissioner's decision is **REVERSED and REMANDED** under 42 U.S.C. § 405(g) for the Commissioner to address the issues outlined above and take any other actions deemed necessary.

2. The Clerk is directed to enter judgment for McMinn and against the Commissioner and close the file.

**ENTERED** in Fort Myers, Florida on December 17, 2024.

Kyle C. Dudek
United States Magistrate Judge